FILED
JEANNE A. NAUGHTON, CLERK
JAN -9 2020
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KK                    DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

STEPHANIE'S TOO, LLC,

Debtor.

Case No. 18-32221 (JNP)

Chapter 11

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

The issue presented is whether a partially secured creditor who fails to file a proof of claim may cast a ballot on account of its deficiency claim if that claim is not included on Schedule E/F. American Heritage Federal Credit Union ("AHFCU"), a partially secured creditor, objected to the Combined Plan of Reorganization and Disclosure Statement (the "Plan") filed by Stephanie's Too, LLC ("Debtor"), arguing, in part, that it should be allowed to cast a ballot on account of its deficiency claim. Debtor's response argues that AHFCU may not vote on the Plan because it did not file a proof of claim asserting the unsecured amount. For the reasons discussed below, the Court concludes that AHFCU may cast an unsecured ballot on the Plan because it has an allowed unsecured claim.

### Background

On November 8, 2018, Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Before the petition date, CWA Properties, LLC ("CWA"), a party related to Debtor, obtained a loan from AHFCU in the amount of $430,393.50. The loan was secured by personal property, real property, and commercial guaranties from Debtor, its principals, and Stephanie's Restaurant Lounge, LLC, an entity affiliated with Debtor. Debtor later borrowed $135,000.00 from AHFCU. The loan was secured by similar property and

guaranties. Debtor defaulted on both loans. In September 2018, AHFCU obtained a judgment in the amount of $609,687.47.

Debtor's Scheduled D – Creditors Who Have Claims Secured by Property, and List of Creditors Holding 20 Largest Unsecured Claims (the "Top 20 List") identify AHFCU as holder of a secured claim of $2,500.00 and an unsecured claim of $607,187.47 and do not state that the claim is contingent, unliquidated, or disputed (collectively referred to as "Undisputed"). AHFCU was not listed on Schedule E/F - Creditors Who Have Unsecured Claims. The bar date for filing claims was March 20, 2019. AHFCU did not file a proof of claim.

Debtor filed the Plan on September 3, 2019. AHFCU submitted two ballots rejecting the Plan, one as a Class 1 secured creditor; the other as a Class 2 unsecured creditor. AHFCU also objected to the Plan, arguing inter alia, that it should be allowed to cast a ballot on account of its deficiency claim. AHFCU argues that since Schedule D identifies AHFCU as a creditor with a partially secured, undisputed claim, it can be inferred that AHFCU has an undisputed unsecured claim. Therefore, according to AHFCU, Debtor should have scheduled it as an unsecured creditor and AHFCU's Class 2 ballot should be considered. AHFCU also argues it has an allowed unsecured claim because the Top 20 List acknowledges an unsecured claim.

In its response and in the Certification of Ballots, Debtor argues that AHFCU's Class 2 ballot should not be considered because it did not file a proof of claim on account of the deficiency. Debtor acknowledges AHFCU's claim was included on Schedule D as undisputed but argues that only applies to the secured portion of the claim. Debtor argues that since it did not identify AHFCU as an unsecured creditor on Schedule E/F, AHFCU had a duty to file a proof of claim to pursue a deficiency claim. Debtor disagrees with AHFCU's position that the Top 20 List acknowledges AHFCU as holding an allowed unsecured claim. Citing to Rules 1007(b) and (d) and section 521, Debtor argues that the Top 20 List is not a schedule because the Top 20 List and bankruptcy

schedules are distinguishable. Finally, Debtor argues In re J.H. Inv. Servs., Inc., 452 Fed. Appx. 858 (11th Cir. 2011) and In re Claremont Towers Co., 175 B.R. 157 (Bankr. D.N.J. 1994), support its position that a creditor has an affirmative duty to file a proof of claim if it intends to pursue its deficiency claim. Because AHFCU failed to file a claim, Debtor argues, AHFCU may not cast a Class 2 ballot as an unsecured creditor.

At a hearing on November 21, 2019, the Court asked the parties to brief whether AHFCU had to file a proof of claim even though its claim was scheduled as undisputed on Schedule D. The parties agreed that this issue should be resolved prior to addressing other confirmation issues. Both parties filed initial and response briefs.

**Discussion**

Section 501(a) of the Bankruptcy Code permits a creditor to file a proof of claim. 11 U.S.C. § 501(a). A claim filed under section 501(a) is deemed allowed unless a party objects. 11 U.S.C. § 502(a). The claims process is treated differently in Chapter 11 cases than in cases under Chapter 7, 12, or 13. Rule 3002(a) governs the timing and filing of claims in Chapter 7, 12, and 13 cases, whereas section 1111(a) and Rule 3003 govern the claims process in Chapter 11 cases. See 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3002; 3003. In a Chapter 7, 12, and 13 case, creditors must file a proof of claim for the claim to be deemed allowed and receive distributions. See In re Barker, 839 F.3d 1189, 1194 (9th Cir. 2016); In re Falwell, 434 B.R. 779, 783 n.1 (Bankr. W. D. Va. 2009); Fed. R. Bankr. P. 3002(a), (c).

In a Chapter 11 case, a proof of claim is deemed filed under section 501 if the creditor is listed in the debtor's schedules as Undisputed. 11 U.S.C. § 1111(a). In In re Dynamic Brokers, Inc., 293 B.R. 489, 495 (B.A.P. 9th Cir. 2003), the court explained:

> Section 1111(a) dovetails with [section] 502(a) by providing that a scheduled, undisputed, noncontingent, liquidated claim is 'deemed filed under section 501.' This phrase is a statutory term of art that triggers the [section] 502(a) 'deemed allowed' provision. Thus, the

3

> effect of [section] 1111(a) is that scheduled, undisputed, noncontingent, liquidated claims are both 'deemed filed' and 'deemed allowed.'

Id. at 496.

Rule 3003 governs the filing, timing, and effect of claims in Chapter 11 cases. See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382 (1993); In re Roberts, 98 B.R. 664, 666 n.5 (Bankr. D. Vt. 1989) (bankruptcy courts fix the time for filing proofs of claim in Chapter 11 cases); Fed. R. Bankr. P. 3003. Rule 3003(b)(1) states that a scheduled claim is "prima facie evidence of the validity and amount [of such claim,] unless it is scheduled as disputed, contingent, or unliquidated." Fed. R. Bankr. P. 3003(b)(1) (emphasis added). Rule 3003(c)(2) states that a creditor must file a proof of claim if the claim is "scheduled as disputed, contingent, and unliquidated . . . . any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

On the other hand, if a claim is not scheduled or is scheduled as contingent, disputed, or unliquidated, a creditor must file a proof of clam. See In re Hooker Investments, Inc., 937 F.2d 833, 835 (2d Cir. 1991). A creditor "whose claim is scheduled as 'disputed, contingent, or unliquidated' must file a timely proof of claim in order to be treated as a creditor with respect to that claim for voting and distribution purposes." In re Trocom Constr. Corp., 2016 WL 4575546, at *2 (Bankr. E.D.N.Y. 2016).

The Bankruptcy Code and Rules provide that if a claim is scheduled as Undisputed it is deemed allowed in a Chapter 11 case. The Bankruptcy Code and Rules do not state that a claim is only deemed filed as the same type of claim as it was scheduled. For example, section 1111(a) states that a claim is deemed filed if it "appears in the schedules filed [unless it] is scheduled as disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a). Section 1111(a) does not state that a claim scheduled as a secured claim on Schedule D will only be deemed a filed secured claim, but not as any other type of claim. See 11 U.S.C. § 1111(a).

Similarly, Rule 3003(b) states that "[t]he schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated." Fed. R. Bankr. P. 3003(b). As with section 1111(a), Rule 3003(b) does not distinguish between which schedule the creditor's claim appears. If a claim is scheduled as undisputed, it is prima facie valid, not just valid as the type of claim scheduled (i.e., secured or unsecured). Moreover, Rule 3003(c)(2) only requires a creditor to file a claim if its claim is not scheduled or is scheduled as disputed, contingent, or unliquidated. Id. 3003(c)(2). Rule 3002(c)(2) does not require a creditor to file a claim if it was scheduled in one schedule as Undisputed, but not scheduled in another schedule.

Based upon the language of the Bankruptcy Code and Rules, the Court concludes that if a creditor's claim is scheduled as Undisputed, the entire claim is deemed filed and allowed, not only the portion that corresponds to the schedule in which the creditor was listed.

The Instructions for Bankruptcy Forms for Non-Individuals (the "Instructions") provide support for the Court's conclusion. The Instructions direct a debtor not to include a deficiency claim on Schedule E/F if the party is already listed on Schedule D:

> If a secured creditor's full claim exceeds the value of the property securing that claim, the creditor may have a secured claim for the value of the property and an unsecured claim for the deficiency. In that situation, <u>list the creditor only once on Schedule D</u> . . . .

Instructions at 11 (emphasis added). The Instructions, in effect, explain that including a partially secured claim on Schedule D essentially bifurcates that claim for the purposes of the debtor's schedules into secured and unsecured amounts and avoids listing a duplicate claim on Schedule E/F.

As discussed above, Debtor scheduled AHFCU's claim on Schedule D, listed the total amount of the claim and the amount that is secured, and stated that the claim was Undisputed. Because AHFCU's claim was scheduled as Undisputed, its entire claim is allowed under section

5

1111(a) and Rule 3003 – not just the secured portion of the claim.[1] Therefore, AHFCU is entitled to cast a Class 2 ballot on account of its unsecured deficiency claim.

The cases cited by Debtor in support of its position J.H. Inv. Servs., and Claremont Towers, are both distinguishable. In J.H. Inv. Servs., the IRS filed a proof of claim asserting a secured claim but did not note an unsecured or priority claim. The IRS then objected to the debtor's plan arguing that it held an unsecured priority claim under section 507(a)(8), and that the plan violated section 1129(a)(9)(C). J.H. Inv. Servs., 452 Fed. Appx. at 860. The Eleventh Circuit held that the IRS did not properly assert an unsecured claim because it did not indicate on the proof of claim form that it was pursuing the deficiency. Id. at 861. Because the IRS did not indicate an intent to pursue the deficiency, the court concluded that the IRS did not properly assert an unsecured claim. See id. at 862. Failure to note the unsecured status of a claim in a proof of claim is tantamount to a creditor's decision not to pursue the unsecured claim. Id. In other words, once the IRS decided to file a claim, it had the burden of properly completing the proof of claim form to protect its unsecured claim. In the present case, AHFCU did not file a claim, so under section 1111(a), its claim is allowed as scheduled – partially secured and partially unsecured.

Claremont Towers is also distinguishable. There, the court held that a creditor was not permitted to vote or receive distribution on its secured claim because the creditor's claim was scheduled as disputed, and the creditor did not file a claim. Claremont Towers, 175 B.R. at 162, 164. As discussed above, a creditor must file a claim unless it is scheduled as Undisputed. Because the claim was scheduled as disputed and the creditor did not timely file a proof of claim, there was no basis to accept its ballot. Id. Unlike the creditor in Claremont Towers, AHFCU was not required to file a proof of claim because Debtor scheduled AHFCU as holding an Undisputed claim.

---

[1] The Court's conclusion is further supported by the fact that Debtor included AHFCU's deficiency claim on the Top 20 List as Undisputed. Even though the Top 20 List is not a schedule, it shows that Debtor was aware of the deficiency claim and did not dispute the deficiency.

## Conclusion

Because AHFCU's claim was scheduled as Undisputed and being partially secured and partially unsecured, AHFCU was not required to file a proof of claim on account of either the secured or unsecured portion of the claim, and the claim is allowed as scheduled. Therefore, AHFCU's Class 2 ballot must be counted when determining if Debtor has sufficient votes to confirm the Plan.

Dated: January 9, 2020

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE